Affirmed and Memorandum Opinion filed April 12, 2007








Affirmed and Memorandum Opinion filed April 12, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-06-00403-CR  

        14-06-00404-CR

____________

 

BENJAMIN EDWARDS SCOTT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause Nos. 1026081,
1026082

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Benjamin Edwards Scott, was convicted of the
felony offenses of indecency with a child and aggravated sexual assault and was
sentenced to ten and twenty‑five years in prison.  In appellant=s first point of
error, he contends that the trial court erred by suggesting the meaning of
reasonable doubt to the jury.  In his second and third points of error,
appellant challenges the effectiveness of his trial counsel.








I.        Suggestion
of Reasonable Doubt Standard

In his first point of error, appellant contends that the
trial court erred when it discussed the meaning of reasonable doubt to the jury
panel during voir dire.  When appellant failed to object to the trial court=s discussion of
the reasonable doubt standard, he waived his right to complain of this error on
appeal.  Tex. R. App. P. 33.1; See
Fuentes v. State, 991 S.W.2d 267, 273 (Tex. Crim. App. 1999) (finding
appellant waived complaint about trial court=s explanation of
reasonable doubt given to venire when appellant did not object).  We overrule
appellant=s first point of error.

II.       Ineffective
Assistance of Counsel

In his second and third points of error, appellant argues
that he was denied effective assistance of counsel.  In assessing the
effectiveness of counsel, we apply the standards set forth by the United States
Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984) and
adopted by Texas in Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim.
App. 1986).  In order to prove ineffective assistance of counsel, appellant must
prove that (1) counsel=s conduct fell below an objective standard
of reasonableness, and (2) there exists a reasonable probability the results
would have been different but for counsel=s deficient
performance.  Strickland, 466 U.S. at 687; Hernandez, 726 S.W.2d 
at 57.  Appellant has the burden of proving his trial counsel was ineffective
by a preponderance of the evidence. Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).  When reviewing a claim for ineffective assistance of
counsel, there is a strong presumption that counsel=s conduct falls
within the wide range of reasonable professional assistance.  Jackson v.
State, 877 S.W.2d 768, 772 (Tex. Crim. App. 1994) (citing Strickland,
466 U.S. at 689).  








Allegations of ineffective assistance of counsel must be
firmly founded in the record.  Thompson, 9 S.W.3d at 813‑14. 
Direct appeal is usually an insufficient vehicle for raising a claim for
ineffective assistance of counsel because the record is usually undeveloped.  Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  Counsel should have
the opportunity to explain his actions before being denounced as ineffective.  Id. 
An appellate court will generally not find ineffective assistance of counsel
where the record fails to provide an explanation of counsel=s conduct, unless
the conduct was so Aoutrageous that no competent attorney
would have engaged in it.@  Id. 

In his second point of error, appellant contends that
during counsel=s cross-examination of Detective Dennis, counsel
opened the door to evidence of two additional sexual assault allegations. 
Appellant also argues that counsel was ineffective in failing to request a
limiting instruction and failing to request that the trial court articulate, on
the record, the purpose of the extraneous evidence.  At trial, while on
cross-examination, counsel asked Detective Dennis how many people were living
in appellant=s home, whether he was concerned about the remaining
children in the home, and whether he had interviewed any of appellant=s other children. 
On re-direct, over counsel=s objections, the State elicited testimony
from Detective Dennis that two of complainant=s cousins made
allegations of a sexual nature against appellant, and complainant=s cousins later
testified regarding those allegations. 








Appellant has not provided an adequate record explaining
counsel=s reasons for
conducting cross-examination of Detective Dennis as he did.  Counsel may have
been attempting to portray appellant in a favorable light by showing that
Detective Dennis may not have perceived appellant to be a threat, as evidenced
by the fact that Detective Dennis  did not remove the remaining children living
in appellant=s home.  Even if this strategy was not as effective as
counsel intended, the effectiveness of counsel should not be evaluated based on
the distorting effects of hindsight.  See Robertson v. State, 187 S.W.3d
475, 482-83 (Tex. Crim. App. 2006).  Additionally, counsel may have decided not
to request a limiting instruction to avoid drawing the jury=s attention to the
extraneous offenses.  See Garcia v. State, 887 S.W.2d 862, 881 (Tex.
Crim. App. 1994) (finding trial counsel=s decision not to
request a limiting instruction to avoid reminding the jury of incriminating
evidence was a reasonable trial strategy), overruled in part on other
grounds by Hammock v. State, 46 S.W.3d 889 (Tex. Crim. App. 2001); Abbott
v. State, 726 S.W.2d 644, 649 (Tex. App.CAmarillo 1987,
pet. ref=d) (finding
counsel=s failure to
request limiting instruction because counsel did not wish to remind the jury of
such matters was a reasonable trial strategy).  Nothing in the record
demonstrates that counsel=s actions were not of sound legal
strategy.  See Scott v. State, 57 S.W.3d 476, 484 (Tex. App.CWaco 2001, pet.
ref=d) (holding that
trial counsel was not ineffective for opening the door to extraneous offenses
through counsel=s questioning of defendant=s witness); Beheler
v. State, 3 S.W.3d 182, 186 (Tex. App.CForth Worth 1999,
pet. ref=d) (holding that
the record failed to show that counsel=s decision not to
request a limiting instruction on evidence of extraneous offenses was not of
sound trial strategy).  We also do not find that counsel=s performance was
so outrageous that no competent attorney would have engaged in it.  See
Goodspeed, 187 S.W.3d at 392.  As a result, the record does not support a
finding of ineffective assistance of counsel for these actions.  We overrule
appellant=s second point of error.  

In his third point of error, appellant contends that
counsel demonstrated limited knowledge of the law and how to apply it at
trial.  Specifically, appellant contends that counsel (1) gave the jury facts
of the case during voir dire, (2) failed to make speculation objections, and
(3) did not understand impeachment law.  During voir dire, appellant=s counsel stated
that appellant was A37 years old@ and Amarried.@ The trial court
explained to counsel that he could not give evidence to the jury.  During
trial, counsel attempted to impeach complainant by bringing forth her sexual
history and her prior inconsistent statements made to the Children=s Assessment
Center.  The trial court subsequently read the law and explained to counsel how
to properly impeach a witness and to present prior inconsistent statements.








By articulating facts to the jury during voir dire, counsel
may have tried to humanize the defendant, which could be seen as a good trial
strategy.  See Goodspeed, 187 S.W.3d at 395 (Holcomb, J., dissenting)
(noting that it is a good tactic in an aggravated sexual assault of a child
case to establish rapport with prospective jurors and to humanize the
accused).  Furthermore, the trial court corrected counsel=s failure to
properly impeach by giving counsel the opportunity to go back and properly
conduct cross-examination.  Because counsel=s mistakes were
quickly remedied, it cannot be shown that counsel=s actions affected
the outcome of the case.  Strickland, 466 U.S. at 691‑692.  With
respect to appellant=s argument regarding counsel=s failure to make
speculation objections, appellant has failed to identify the testimony that he
alleges should have been objected to.  In other words, appellant has failed to
adequately provide Aa clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record@ regarding this
sub-point.  Tex. R. App. P. 38.1(h). 
As a result, appellant has failed to show that counsel=s conduct fell
below an objectively reasonable standard which led to an outcome different from
what it would have otherwise been.  We overrule appellant=s third point of
error.

We affirm the judgment of the trial court. 

 

 

 

/s/      Adele Hedges

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed April 12, 2007.

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).